IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER
                        Plaintiff,

                                              06-cr-215-bbc
            v.

DEVADA BURNS,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on May 25, 2012, I denied defendant Devada Burns's motion for a reduction in his amended sentence, along with his motion for appointment of counsel. Since then it has come to my attention that the denial was based on a misunderstanding of the way defendant's original sentence was calculated. I had thought his sentence was determined by his career offender status. Instead, it was determined by drug quantity because his guidelines were higher under U.S.S.G. § 2D1.1 than for his career offender status. Recognition of the mistake does not change the result of defendant's motion, but it provides an opportunity to give a more accurate explanation of the reason for the denial.

Defendant's original guidelines were 36 because his relevant conduct involved 1,092 grams of crack cocaine and he had a two-level upward adjustment in his base offense level (for possession of a firearm in connection with a drug offense). His guideline range was 292 to 365 months. He was sentenced at the bottom of the range.

Defendant's sentence was lowered on July 16, 2008 to 220 months in response to the new lower guidelines for crack cocaine offense. (His new guidelines range was 235 to 293 months.) He is not eligible for another reduction under the new crack guidelines, not because of his career offender status, as I thought previously, but because the new amendments would not reduce his sentence below the 220 months to which he was sentenced on July 16, 2008. Even with the benefit of the new guidelines, the base offense level for his offense is still 34, as determined by the quantity of crack cocaine, 1,092 grams, attributable to him; he has a two-level increase for possession of a firearm under 2D1.1(b)(1) and a three-level reduction for acceptance of responsibility under 3E1.1. The resulting total offense level remains 33, which is what it was at the time of his July 16, 2008 resentencing. With a criminal history category of VI, his guideline imprisonment range remains 235 to 293 months.

ORDER

IT IS ORDERED that the order entered on May 25, 2012 is VACATED and replaced by this order DENYING defendant Devada Burns's motion for a reduction in his sentence under 18 U.S.C. § 3582. FURTHER, IT IS ORDERED that his motion for appointment of counsel is DENIED.

Entered this 31st day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge